IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YURINEL MAYBEHTT APONTE SILVA, and, | § | |
| A.S.A.S., A.V.H.A., and B.S.A.S., Minor | § | |
| Children, | § | |
| | § | |
| *Petitioners*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-25-CV-01848-FB |
| | § | |
| KRISTI NOEM, Secretary of Homeland | § | |
| Secretary, PAMELA BONDI, U.S. Attorney | § | |
| General; TODD M. LYONS, Acting Director | § | |
| of Immigration and Customs Enforcement; | § | |
| MIGUEL VERGARA, San Antonio Field | § | |
| Office Director; and JOSE RODRIGUEZ, | § | |
| JR., WARDEN, Dilley Immigration | § | |
| Processing Center, | § | |
| | § | |
| *Respondents*. | § | |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is the Verified Petition for Writ of Habeas Corpus (ECF No. 1), filed by

Petitioner Yurinel Maybehtt Aponte Silva and her three minor children ("Petitioners"), the Federal

Respondents' ("Respondents") response (ECF No. 7) and Petitioners' reply (ECF. No. 9). After careful

consideration, the petition (docket no. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioners Yurinel Maybehtt Aponte Silva,

A.S.A.S., A.V.H.A. and B.S.A.S. (File Nos. XXX-XXX-433, XXX-XXX-434, XXX-XXX-435, XXX-

XXX-XX-436 ) from custody, under conditions of release no more restrictive than those in place prior

to the detention at issue in this case, to a public place **by no later than January 26, 2025;**

2. Respondents must **NOTIFY** Petitioners' counsel by email [Lance Edward Curtright,

lance@dmcausa.com, (210) 354-1844] and [Alejandra Martinez, alejandra.martinez@dmcausa.com,

(210) 590-1844] of the exact location and exact time of Petitioners' release as soon as practicable but **no less than two hours before their release;**

3.  Any possible or anticipated removal or transfer of Petitioners under this present detention is **PROHIBITED**.

4. If Petitioners are re-detained pursuant to Section 1226, all applicable procedures must be followed, including that they be afforded a bond hearing;

5. Respondents shall **FILE** a Status Report **no later than January 26, 2026**, confirming that Petitioners have been released.

## I. BACKGROUND

Respondents have held Petitioners in immigration custody since their arrest by Respondents on December 13, 2025.  They currently hold them subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2).

Petitioners, citizens of Venezuela, are a mother and her three children.  They entered the United States without inspection on August 10, 2022, and were apprehended.  This led to a brief detention by immigration authorities who served them with a Notice to Appear ("NTA") and initiated removal proceedings before releasing them.  Respondents charged them with being present in the United States Without having been inspected or admitted under section 212(a)(6)(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182(a)(6)(A)(i).  The issued NTA placed them in full removal proceedings before an immigration judge ("IJ").  The NTA identified each Petitioner as "an alien present in the United States who has not been admitted or paroled"–not as an "arriving alien"–and charged them with (1) being present in the United States without being admitted or paroled (under 8

U.S.C. § 1182(a)(6)(A)(i)), or (2) "who arrived in the United States at any time or place other than as designated by the Attorney General."

Petitioners have faithfully complied with the terms of their release and committed no crimes. Nothing of record reveals any violation of the conditions of their release. When Petitioners arrived for a routine check-in on December 2, 2025, they were arrested and taken into custody. When Immigration and Customs Enforcement ("ICE") detained them, the agents apparently provided no reason for their detention and did not vacate or modify their conditions of release. Petitioners have filed applications for asylum, withholding of removal and protection under the Convention Against Torture. Their applications remain pending before the IJ, and they will be scheduled for a final removal hearing.

Petitioners are detained without an opportunity to post bond or be released on other conditions due to a Board of Immigration Appeals' ("BIA") ruling in *In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), in which the BIA adopted a new policy regarding detention of noncitizens. Under this ruling, Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

In the instant habeas petition, Petitioners assert various claims, including that their detention violates (1) the Due Process Clause of the Fifth Amendment, (2) provisions of the INA, and (3) the *Flores* settlement governing the detention of minor children in an unlicensed facility. Their primary argument is that their detention violates the plain language of the INA because § 1225(b)(2)(A) does not apply to individuals who previously entered and are now residing in the United States. Instead, Petitioners argue, such individuals are subject to a different statute, § 1226(a) that (1) expressly applies to individuals who are charged as inadmissible for having entered the United States without inspection and (2) allows for release on conditional parole or bond. Petitioners contend that Respondents' new

legal interpretation is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like them.

## II. LEGAL STANDARD

Habeas petitioners must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, ___ F. Supp. 3d ___, ___, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). They "bear[] the burden of proving that [they are] being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [this] burden of proof by a preponderance of the evidence." *Id*. (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). Courts "considering a habeas petition must 'determine the facts and dispose of the matter as law and justice require.'" *Id*. (quoting 28 U.S.C. § 2243).

## III. ANALYSIS

Petitioners argue their continued detention by ICE is based on Respondents' novel reading of 8 U.S.C. § 1225(b)(2)(A), which was adopted by the Board of Immigration Appeals on September 5, 2025. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025).

Respondents assert that they properly detain Petitioners under § 1225(b)(2)(A), which allows indefinite detention without a bond hearing. They contend that Petitioners are properly detained pursuant to § 1225(b)(2)(A) for non-expedited removal proceedings under § 1229a. Further, given the plain language of § 1225(a)(1), Respondents contend Petitioners cannot dispute that they are applicants for admission, nor can they plausibly challenge the determination that they are "seeking admission" simply because they are not currently at the border requesting to come into the United States.

-4-

Respondents also challenge this Court's jurisdiction. The Court will address the jurisdictional challenges first.

## A. Challenges to Jurisdiction

As a threshold matter, Respondents argue that 8 U.S.C. §§ 1252(g), 1225(b)(4), 1252(b)(9) and 1252(a)(5) preclude review of Petitioners' claims. The Court addresses each section in turn.

### 1. Section 1252(g)

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [Chapter 12 of Title 8 of the United States Code]." The Supreme Court has emphasized that § 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to '*commence proceedings, adjudicate cases,* or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). This provision "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate section 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Petitioner does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. He instead specifically challenges the decision, or basis, to detain him. For this reason, § 1252(g) does not deprive the Court of jurisdiction under these facts and specific challenge. *See Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025).

**2. Section 1225(b)(4)**

Respondents' arguments under 8 U.S.C. § 1225(b)(4) also fail. Section 1225(b)(4) provides:

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(4). This section is not relevant in cases like this one involving "an 'applicant for admission' who has not received a favorable determination of his admissibility." *Erazo Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025). Nor does it pose a jurisdictional bar in such cases. *Id.*; *see also Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. EP 25-CV-470-KC, 2025 WL 3123828, at *2 (W.D. Tex. Nov. 7, 2025) (rejecting same argument).

While Respondents may have intended to refer to 8 U.S.C. § 1252(b)(4), to the extent they "intended to refer to § 1225(b)(4) as a jurisdictional bar to Petitioner's claims, the Court finds nothing in that subsection that bars its jurisdiction here." *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244, at *1 n.2 (W.D. Tex. Nov. 14, 2025). Additionally, "to the extent that Respondents invoke § 1252(b)(4), that section fails to assert a valid jurisdictional bar." *Id.* at *2. "Because Petitioner does not assert a challenge to an order of removal, nothing in that subsection bars Petitioner from seeking relief from his continued detention in this case." *Id.*

Likewise, to the extent Respondents merely intend to use § 1225(b)(4) to bolster a jurisdictional argument under § 1252(b)(9), the Court will restate its finding on the § 1252(b)(9) jurisdictional issue beginning with the next paragraph. However, "their appeal to § 1225(b)(4) does not alter the Court's prior conclusion that § 1252(b)(9) does not bar it from hearing a habeas petitioner's challenge to their detention." Erazo Rojas, 2025 WL 3038262, at *2.

### 3. Section 1252(b)(9)

To the extent Respondents contend that 8 U.S.C. § 1252(b)(9) presents a jurisdictional bar, the Court rejects the contention. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up); *see also Nielsen v. Preap*, 586 U.S. 392, 402 (2019). This provision "does not . . . 'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien' . . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. ICE*, 510 F.3d 1, 10 (1st Cir. 2007)).

Courts have found that "certain claims are excluded from the sweep of section 1252(b)(9) by virtue of legislative intent and judicial precedent." *Aguilar*, 510 F.3d at 11. For example, challenging a decision to deny a bond hearing does not present circumstances that manifest a jurisdictional bar under § 1252(b)(9). *Preap*, 586 U.S. at 402. And the provision's "legislative history indicates that Congress intended to create an exception for claims 'independent' of removal." *Aguilar*, 510 F.3d at 11.

Importantly, § 1252(b) merely sets forth nine applicable requirements "[w]ith respect to review of an order of removal under subsection (a)(1)." *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025)

(quoting introductory text of § 1252(b)). The circumstances of this case do not place any order of removal at issue. "Contrary to the government's position, the mere fact that a noncitizen is detained does not deprive district courts of jurisdiction under § 1252(b)(9)." *Id*. As stated by the Supreme Court: "The question is not whether *detention* is an action taken to remove an alien but whether *the legal questions* in this case arise from such an action." *Jennings v. Rodriguez*, 583 U.S. 281, 295 n.3 (2018) (plurality op.) (emphasis in original); *see also Ozturk*, 136 F.4th at 399 (recognizing that "the discussion of § 1252(b)(9) in Jennings is not part of the plurality opinion of the Court," while also recognizing that "the relevant part of Jennings does not support the conclusion that § 1252(b)(9) bars jurisdiction over habeas challenges to detention" and that part "in fact rejected the government's 'expansive interpretation of § 1252(b)(9)'").

Petitioner specifically challenges Respondents' legal authority to subject him to mandatory detention under § 1225, instead of detention with a bond hearing under § 1226(a). This specific challenge does not constitute "a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25-CV-2650, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). Accordingly, § 1252(b)(9) provides no jurisdictional bar in this case.

In addition, Petitioner does not have the opportunity to "efficaciously" present his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 11). Under these procedural facts, the core of this dispute is whether Petitioner can be detained with no bond hearing, that is, with no administrative opportunity to contest his detention pending a removal determination. If § 1252(b)(9) precluded this habeas petition, Petitioner's detention would be effectively unreviewable, especially considering the BIA's novel position that immigration judges lack

authority to entertain bond requests. *See Jennings*, 583 U.S. at 293; *In re Yajure Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

### 4. Section 1252(a)(5)

Within their arguments regarding § 1252(b)(9), Respondents contend that § 1252(a)(5) provides that a petition for review filed with the appropriate court of appeals is the exclusive means for judicial review of immigration proceedings. In general, 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." To the extent "Respondents independently rely on § 1252(a)(5) to deprive this Court of jurisdiction, such efforts fail for the same reasons their reliance on § 1252(b)(9) fails." *Orellana v. United States Dept. of Homeland Sec.*, Case No. 5:25-CV-1028-JKP, 2025 WL 3471569, at *4 (W.D. Tex. Nov. 24, 2025). Petitioners are "simply not seeking judicial review of any order of removal." *Id.*

### 5. Conclusion Regarding Jurisdiction

For the reasons stated, the Court concludes Respondents' jurisdictional challenges fail, and the Court has jurisdiction to consider the arguments presented in the instant habeas petition.

## B. Review of Substantive Merits

The question to be determined in this habeas petition is whether § 1225(b)(2) applies to all noncitizens who, like Petitioners, are already in the country but entered without inspection. If so, § 1225(b)(2) makes detention mandatory for Petitioners. If not, § 1226(a) applies, thereby making their

detention discretionary. "Overwhelmingly, courts have rejected the interpretation offered by Respondents that § 1225(b)(2) requires the detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases).

In the aftermath of *In re Yajure Hurtado*, this specific issue has been heavily litigated in courts across the country, generally resulting in a rejection of Respondents' broad interpretation of § 1225(b)(2). *See Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't,* No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). These opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *See Rodriguez v. Bostock*, ___ F. Supp. 3d ___, ___, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). The Court finds these opinions generally persuasive and, following the reasoning in this majority determination of this specific issue, this Court also concludes the same and rejects Respondents' broad interpretation of § 1225(b)(2) under the facts in this case. Specifically, this Court finds the plain language of § 1225(b)(2) and the Supreme Court's interpretation of relevant statutes reveal the flaw in Respondents' interpretation.

In pertinent part, § 1225(b)(2)(A) states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings under § 1229a. Under the clear terms of this provision, three conditions are necessary to invoke mandatory detention: (1) the noncitizen must be "an applicant for admission"; (2) the noncitizen must

be "seeking admission"; and (3) "the examining immigration officer" must determine that the noncitizen "is not clearly and beyond a doubt entitled to be admitted." *See Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). With respect to a noncitizen, "'admission' and 'admitted' mean . . . the lawful entry of [such person] into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13)(A). Because Petitioners are present in the United States but do not satisfy the definitions within § 1101(a)(13)(A), they are "applicant(s) for admission." "Under th[e] statutory definition, 'admission' is the lawful entry of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." *Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008).

However, under the facts particular to Petitioners' detention, they were not seeking "admission," as that term is defined by § 1101(a)(13)(A), in that they were not seeking entry, much less "lawful entry . . . after inspection" and authorization. *See id.* Respondents' interpretation "would render the phrase 'seeking admission' in § 1225(b)(2)(A) mere surplusage." *Lopez Benitez*, 2025 WL 2371588, at *6. Because Petitioners are not "seeking admission," ICE may not detain them under § 1225(b)(2).

Further in *Jennings*, the Supreme Court discussed the relationship between § 1225 and § 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." 583 U.S. at 289.  Even if this statement might be considered as dicta, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v.*

-11-

*Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016), *abrogated on other grounds by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024)); *see also Siders v. City of Brandon*, 123 F.4th 293, 304 (5th Cir. 2024). Regardless, this Court finds *Jennings* instructive.

Based upon this interpretation of "seeking admission," the Court concludes § 1225(b)(2) applies to noncitizens "seeking admission," and § 1226 applies to noncitizens such as Petitioner who are "already in the country." Consequently, Respondents may not detain Petitioner pursuant to § 1225(b)(2). Based upon this showing, Petitioners have satisfied their burden of proving they are being held contrary to law by a preponderance of the evidence. *See Villanueva v. Tate*, ___ F. Supp. 3d ___, ___, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).

The same can be said regarding potential detention under § 1225(b)(1). While § 1225(b)(1) provides for detention when the detainee is in expedited removal proceedings, Petitioner here is undisputedly in full, rather than expedited, removal proceedings. Respondents have conceded in other cases that a noncitizen cannot simultaneously be in both full and expedited removal proceedings. *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases). Thus, even if § 1225(b)(1) could apply to Petitioner as a general mater, and Respondents asserted it as a basis for detention, Petitioner is not subject to expedited removal proceedings and, therefore, is not subject to § 1225(b)(1)'s detention provisions. Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist.

In addition, the Court will not consider any constitutional or other challenge presented. While the Court recognizes that Respondents' interpretation and application of §§ 1225(b)(2) and 1226(a) may

be the subject of a nationwide class action in the Central District of California, *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, ___, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying proposed nationwide bond eligible class), the Court does not view that case as precluding it from granting habeas relief in this case at this time. There is no reason to delay Petitioners' release.

Although Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241, asserts claims under the APA, the *Flores* settlement, and seeks attorney fees in his petition, the Court treats the instant action solely as a habeas action under § 2241. Petitioner does not specifically seek any non-habeas relief and has not paid the required filing fee for any non-habeas claim. "The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief." *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020). Because fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one, *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), the Court denies any request for fees in this case.

Under the facts and circumstances of this case, this Court must conclude Petitioner's detention is unlawful, and habeas relief is proper.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Verified Petition for Writ of Habeas Corpus (ECF No. 1).  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioners Yurinel Maybehtt Aponte Silva, A.S.A.S., A.V.H.A. and B.S.A.S. (File Nos. XXX-XXX-433, XXX-XXX-434, XXX-XXX-435, XXX-

XXX-XX-436 ) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than January 26, 2025;**

2. Respondents must **NOTIFY** Petitioners' counsel by email [Lance Edward Curtright, lance@dmcausa.com, (210) 354-1844] and [Alejandra Martinez, alejandra.martinez@dmcausa.com, (210) 590-1844] of the exact location and exact time of Petitioners' release as soon as practicable but **no less than two hours before their release;**

3. Any possible or anticipated removal or transfer of Petitioners under this present detention is **PROHIBITED**.

4. If Petitioners are re-detained pursuant to Section 1226, all applicable procedures must be followed, including that they be afforded a bond hearing;

5. Respondents shall **FILE** a Status Report **no later than January 26, 2026**, confirming that Petitioners have been released.

A final judgment will be issued separately.

It is so ORDERED.

SIGNED this 22nd day of January, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE